We are back to work with argument in the case of Valenti v. Lawson. Mr. Mitch. Thank you. May it please the Court, Indiana law prohibits the appellant Brian Valenti from voting on Election Day at his community polling place and thereby imposes a significant burden on his constitutional right to vote. Is there a constitutional right to vote at your particular voting place? Or is it just a constitutional right to vote? There's a constitutional right to vote, and any burden that's placed on that right has to be adequately justified under Verdicts Balancing Test. I don't understand how he has a constitutional right to vote. He has a felony conviction. So under the 14th Amendment, he doesn't have a constitutional right to vote. He might have a statutory right to vote, but he does not have a constitutional right to vote. Well, I believe that you have to deal with the election system that is at issue in that state. So he has a statutory right to vote. That's true, but I don't think in the same way that once the state gives someone the right to vote by absentee ballot, the state... Why not? Why couldn't the state say, here's a group of people who are entitled to vote by our grace, and a condition of that grant is that they cast absentee ballots. What's wrong with that? Well, I don't think the state could, for example, discriminate on the basis of race once they grant that right. There's always a problem of unconstitutional conditions, but why don't you deal with my hypothetical? Sure. The state says, we are allowing former felons to vote in this state, but felons must cast absentee ballots. Is there any problem under the federal constitution with that? Again, I don't think that Section 2 of the 14th Amendment limits... I think that's a limited exception to either granting the right to vote or not, but I think once it's granted, then it's subject to burden just like any other citizen would have that right. If the rational basis test applies, would you concede that the state can easily provide a rational basis for forcing Valenti to drive a few extra miles or vote early at another site? No, Your Honor. I mean, I would still argue that the burden here is much more than the mere inconvenience of having to drive a few extra miles. As this Court and others have recognized, forcing a voter to vote one vote days or even weeks before an election by absentee ballot deprives the voter of late-breaking news, political developments, and the ability to make up their mind at the last minute. Well, why couldn't he just wait until the last minute and drive the extra nine miles? Or wait until the last minute and vote by mail. Certainly, those would deal with that issue of early voting. He does have this opportunity to go to another town. But by going to that other town, he's deprived the ability to vote with his community members. Do you think the state's interest in protecting children... You know, here we've got voting occurring on a school day in the high school's gym from a convicted child sex offender. Do you think that more than outweighs any interest he has in mingling with his neighbors and electioneers at a particular voting site? Well, I... I mean, that's basically your argument. Your Honor, I completely agree that the interest in protecting children is a compelling interest. But this isn't as applied a challenge. Under Burdick, we have to look at exactly what interests are implicated here. And here, I think there are a couple of facts that make that interest minimal at best in this context. So first, Mr. Valenti was convicted of a sex crime a quarter of a century ago. Yes, but, you know, under our system, he's someone who is a convicted child sex offender for life. Certainly, but... For life. It's our system. Certainly, he has that conviction, but as... And he can't possess guns for life. And there are a whole lot of things he can't possess for life. And he has to register? He is registered to vote. Oh, no, but I mean... Oh, he is a registered sex offender. There's all kinds of restrictions on him. And is it a balancing test between the state's interest and his interest? Absolutely, and that's what we're doing here. But as the Supreme Court recently stated in Packingham, even if you've been convicted of these crimes, you still have constitutional rights. You still have protections. But his constitutional rights are not being violated. He can vote. He can vote. But as many courts have stated, the right to vote, and the Supreme Court included, has stated the right to vote extends beyond the ability to physically cast a ballot. There's other rights, associational and expressive rights, that come along with that right. But the alternatives that are provided to him are so numerous that any burden is minimal. Your Honor, I would argue that there is something inherent about having to vote or being able to vote in your community polling place. And we cite multiple cases where voters have expressed this interest of being able to poll with their community members, meet local candidates at the polling place. And, you know, as the Supreme Court stated in Crawford, no matter how small the burden is, the state must justify it. And here we are. Well, you don't think that the state has justified it? Well, we have to look at exactly what the risk posed here. Beyond Mr. Valenti's, nothing in the record beyond the fact that he has, the fact that he's been convicted of a sex offense indicates that he posed. Do you think he can attend a school play presented in the auditorium of the local high school? And attending a play is actually really protected by the First Amendment, right? Even former felons have the same First Amendment rights to see plays. So does he have a First Amendment right to see the play, notwithstanding his conviction as a child molester? He might, and that would be a very different case. I think there isn't the smallest chance that he has any such right. Well, there's cases that are making their way up to the Indiana Supreme Court right now, challenging parents' ability to enter the school under the statute that's under review. But this case is really specific to the facts here. There's a constitutional right to vote. No, there isn't. We've got past that.  Let me explore the interest a little bit more. So again, let's look at what the context is here. Unlike the play, this is Election Day, and this is a polling place in the gym. And this is a highly regulated environment where children cannot be unattended. Government officials are present to watch what's going on in and around the polling place. They have recesses. They have lunchtime. They use the same restrooms. There are a lot of places that are unattended. The details of where children can go in this particular school during Election Day is not in the record. But I would say that even the school itself regulates where children can go during the school day. And certainly the polling place is limited to the gym. So in other words, if someone had to use the restroom, they would not be permitted to do so? I would suspect no. That's not in the record, again. Thank God. That's a better claim of a constitutional right. I think there should be a bathroom, but I don't think they can simply go into the school and find a bathroom. There are strict check-in procedures in schools about when you can go into the school and when you can wander. So again, the polling place is highly regulated. I think it's much more regulated than any of the other places high school-aged children would be voting. But it's also regulated by electioneering. In your brief, you stated that Mr. Vellini wants the opportunity to talk to local candidates, electioneer, congregate around the polling place on Election Day. Yet, Section 3-14, 3-16, and 3-5-2-10, a person who knowingly does any electioneering on Election Day within, they call it the chute, but the chute is defined as about 50 feet from the polling place, is committed a crime. So he can't go there to electioneer? That's not the kind of expression and association we're talking about. We're talking about candidates outside of the chute handing out literature, which the record indicates clearly does happen at this polling place. I see I only have a little bit of time for rebuttal. Okay, Mr. Mintz. Ms. Rohn. Good morning. Andrea Rahman for the State Appellees. Your Honors, may it please the Court. Mr. Vellini's right to vote is not substantially burdened by the unlawful entry statute. He has three options to vote on Election Day, as are discussed well in the brief. He can vote before Election Day either by mail-in absentee ballot or by walking roughly 500 yards to the local courthouse to cast his ballot in person up to noon before the Election Day. He also can vote in person on Election Day at a neighboring community in Montpelier, about 12 miles away, roughly a 15-minute drive there and another 15 minutes back. What happens if he doesn't have a car? I'm sorry? What happens if he doesn't have any transportation to go to his polling place? Then he has the mail-in absentee ballot or the ability to walk 500 yards. And that brings up a valid point is that there are probably many people who, for one reason or another, do not have the opportunity to have transportation to go and vote in person. And that's why the state of Indiana, like many other states, offer a mail-in absentee ballot option so that everyone would have an opportunity to cast their vote. See, in Chicago, they come and they get you. I'm sorry? They come and they get you. In Chicago, they just come and get you and take you there. Yes. They have buses and limousines. Yes. And that would be an excellent opportunity. But I think that brings up an additional point regarding Mr. Valenti's argument is that his claim that his vote right to vote is substantially burdened is based on the assumption that he has a constitutional right to vote specifically in person with his local community on Election Day. And he has cited no case law to support that. He does not have a constitutional – yes? You're talking about the constitutional right to vote. As Judge Easterbrook said, isn't it a statutory right? Yes. Under Richardson v. Ramirez, convicted felons do not have a constitutional right to vote. Under Indiana law, felons do have the opportunity to vote in Indiana. So there would technically be no constitutional claim under Richardson v. Ramirez. However, that specific argument was not specifically briefed by the parties below. That being said, Mr. Valenti, even assuming there was a constitutional right, Mr. Valenti has not shown – with his local community on Election Day. Rather, under the verdict balancing test, we simply look at whether his right to vote as a whole was burdened. And I think that the argument that he has a substantial – that he has a right to vote in person with his local community on Election Day, that kind of holding would simply be unmanageable. To begin with, how would a local community be defined? Would it be your local neighborhood? Would it be the city? And then how would that play out in rural communities as well? I find it very interesting that you can go to a different polling place. Yes, Indiana – That's amazing to me. How do you know that someone hasn't gone to 12 polling places? I don't know the exact details about their system, but Indiana does have a vote center model where you can pick which place you would like to vote in order to ease voting, depending on where you may live at one place. Or maybe it's just like Chicago, and nobody is worried if you vote in Baltimore. Yes. Vote early and often. Yes. But so, I mean, Indiana does want to make voting as easy as possible and does provide these numerous opportunities for people. And so it cannot be reasonably said that Mr. Valenti's right to vote has been substantially burdened. Because of that, the state only needs to provide a rational basis for the law. And the state's interest in protecting children from sexual predators is a rational basis for the unlawful entry statute. There's an expectation that schools in particular should be safe zones for children so that children can let down their guard to learn and socialize. I also think that particularly making schools safe zones gives parents peace of mind knowing that their kids can wander about the school going to the bathroom and from class to class without having to interact with someone who could be a potential sexual predator. And the U.S. Supreme Court has acknowledged these concerns in McCune v. Lyle cited in our appellee brief. The absentee, you know, one of the ways is absentee ballots. Does that, one of the claims of Mr. Valenti is that the absentee ballot process is subject to having mistakes made? And does it suffer from any deficiencies that you think would be easy to mess up these forms in resulting in his vote not being counted? I think those are valid concerns with mail and absentee ballots. But I'd also like to note that he could do an absentee ballot by submitting it in person at the courthouse up to noon before the election day. And that courthouse is roughly 500 yards from his house. So he could easily walk there, talk to someone, make sure his ballot is properly filled out before submitting it in person. I would also add that it's important that in Burdick, Burdick notes that states have wide discretion in determining the time and manner in which elections should be held. And in fact, as noted in Voting Integrity, Oregon and then also Washington, now Washington and Colorado, actually have an only mail-in absentee ballot system. So that ballots are mailed out and then either dropped off at a ballot box or mailed in. I think there's discrimination here. Whoever said that hasn't noticed that Alaska also has that system. I apologize. I hate to have one of the 50 U.S. states left out. I apologize. Especially that one. No offense to Alaska. My apologies. So I don't think there can be a reason we said that. His right to vote has been substantially burdened. And as noted in Burdick and other cases, the U.S. Supreme Court has made clear that under Article I of the U.S. Constitution, states have broad discretion to weigh the strengths and weaknesses that mail-in absentee ballot could potentially result in fraud, but that there are also concerns about requiring in-person voting and that someone may not have transportation in order to get there. And that brings up concerns while maybe Chicago and other places are fortunate enough to provide transportation, I think that would present an undue burden on states to go throughout the state and provide transportation to all residents so that they could be able to vote. So as I said, I think the district court properly decided this case in concluding that Mr. Valenti's right to vote has not been substantially burdened and that the state's interest in protecting children and providing a safe place for kids is a rational basis that would uphold the statute. So if there are no further questions, the state would ask that this court affirm the district court's judgment in this case. Certainly, counsel. Thank you. Anything further, Mr. Mintz? All right. Well, thank you very much. The case is taken under advisement.